IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) LCG LOGISTICS, LLC., *et al*. ) ) Defendants. ) | Case No.: <u>3:12-cv-00635-MJR-PMF</u> |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is Cross Claimant LCG Logistics, LLC's ("LCG") motion for entry of default (Doc. 48) against Cross Defendants Silvia Ceja and Universal Carriers, Inc. LCG indicates in its motion that "the record … demonstrates that there has been a failure to plead or otherwise defend as provided by Rules 12, 55(a) of the Federal Rules of Civil Procedure." *See* Doc. 48.

LCG filed a cross claim pursuant to Rule 13(g) of the Federal Rules of Civil Procedure on June 28, 2012. *See* Doc. 7. Summons were issued as to Cross Defendants Silvia Ceja and Universal Carriers, Inc. on August 10, 2012. *See* Doc. 14. LCG filed a simultaneously filed a notice of mailing of the cross claim indicating the cross claim was mailed to the Cross Defendants "via regular U.S. Mail, postage pre-paid, and via Certified Mail, Return Receipt Requested." Doc. 15.

LCG has not demonstrated that the Cross Defendants have been put on notice of the allegations in the (Doc. 7) cross claim. Federal Rule of Civil Procedure 55(a) provides that the Clerk may enter default when "a party against whom a judgment for affirmative relief is sought

1

has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  The record does not independently demonstrate that the Cross Defendants have been properly served with the cross claim.  LCG has not provided the Court with any other type of documentation evidencing that the Cross Defendants have notice of the allegations in the (Doc. 7) cross claim and have failed to plead or otherwise defend.  In this situation, entry of default is not appropriate. *See* FED. R. CIV. P. 55(a); *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (providing that the decision to enter default lies within district court's discretion and requiring proof of return of service on the defendants is appropriate before entering default).

      For the forgoing reasons, LCG's (Doc. 48) motion for entry of default is denied.

      **SO ORDERED.**

      **DATED:  January 15, 2013.**

      *s/ Philip M. Frazier*
      PHILIP M. FRAZIER
      UNITED STATES MAGISTRATE JUDGE