IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ZURICH AMERICAN INS. CO.,   )
              )
       Plaintiff,  )
              )
vs.             )
              )
LCG LOGISTICS, LLC,     )
UNIVERSAL CARRIERS, INC., and  )
SILVIA CEJA (d/b/a Nieto's Transport), )
              )
       Defendants. )  **Case No. 12-cv-0635-MJR-PMF**

-------------------------------------------------------------------------------------------------------------------

LCG LOGISTICS, LLC,     )
              )
    Crossclaim Plaintiff, )
              )
vs.             )
              )
UNIVERSAL CARRIERS, INC., and  )
SILVIA CEJA (d/b/a Nieto's Transport), )
              )
    Crossclaim Defendants. )

<u>MEMORANDUM AND ORDER</u>

REAGAN, District Judge:

   As the Court's recent Order explained, this case (set for jury trial next month) involves claims arising from a shipment of Eddie Bauer blue jeans which were lost or stolen in Southern Illinois while in transit from Texas to Ohio.  Eddie Bauer contracted with LCG Logistics, LLC to transport 1652 cartons of jeans from Laredo, Texas to Groveport, Ohio.  LCG then contracted with Universal Carriers, Inc. to deliver the jeans.

Universal received the shipment in good condition in Texas, but the shipment was never delivered to Eddie Bauer in Ohio.

Zurich American Insurance Company issued a policy of insurance covering goods in transit for the benefit of Everest Holdings, LLC, the successor to Eddie Bauer. Zurich, who paid Everest roughly $260,000 under the policy, filed this suit as the subrogated insurer of Everest. Zurich's December 2012 amended complaint named four Defendants: (1) LCG, (2) Universal, (3) Silvia Ceja, d/b/a Nieto's Transport (Nieto), and (4) Truck Centers, Incorporated (TCI). On July 23, 2013, the Court granted summary judgment in favor of TCI on all claims against it. Remaining in the wake of that Order are Zurich's claims against LCG, Universal and Nieto, plus LCG's crossclaim against Universal and Nieto.

LCG's amended crossclaim, part of the answer at Doc. 41, asserts three claims – a breach of contract claim against Universal (as a result of Universal's failure to deliver the shipment, LCG's customer, Eddie Bauer, "sustained alleged damages of $259,634"); an indemnification claim against Universal (due to Universal's actions related to the shipment, "LCG may be liable to Eddie Bauer"), and a breach of bailment claim against Nieto (Nieto failed to properly store/secure the shipment, as a result of which "LCG may be liable to Eddie Bauer for the loss of the Shipment"). All three counts of LCG's crossclaim pray for the entry of judgment in favor of LCG for $259,634, plus prejudgment interest, attorney fees and costs. As the undersigned noted in his July 23, 2013 Order (Doc. 67, p. 16), neither Universal nor Nieto responded to Zurich's amended complaint or LCG's crossclaim, and the record indicates that service was effected.

~ 2 ~

On February 28, 2013, LCG (as crossclaim plaintiff) secured a clerk's entry of default against Universal and Nieto (as crossclaim defendants), pursuant to Federal Rule of Civil Procedure 55(a).  *See* Doc. 53.  Now before the Court is LCG's August 6, 2013 motion for default judgment against Universal and Nieto, pursuant to Federal Rule of Civil Procedure 55(b).

Rule 55(b)(1) governs default judgment motions where the plaintiff's claim is for a sum certain or a sum that can be made certain by computation.  Default judgment under Rule 55(b)(1) may be entered by the Clerk of Court (or the assigned Judge) and must be granted if the defendant is not a minor or incompetent person, the claim is for a sum certain (or sum which can be made certain by calculation), and the plaintiff supplies an affidavit showing the amount due.  Rule 55(b)(2) covers all other cases, must be entered by the Court (not the Clerk), and authorizes the Court to hold a hearing, if needed, to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

Rule 54(c) provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  FED. R. CIV. P. 54(c). And Southern District of Illinois Local Rule 55.1(b) requires, *inter alia*, that any Rule 55(b) motion "contain a statement that a copy of the motion has been mailed to the last known address of the party from whom default is sought."

The law of this Circuit reflects a "well established policy favoring a trial on the merits over a default judgment."  *Sun v. Board of Trustees of Univ. of Illinois*, 473 F.3d

**799, 811 (7ᵗʰ Cir. 2007).**  For that reason, default judgments "should be used only in extreme situations."  ***Id.***  That said, this "weapon of last resort" is appropriate "when a party willfully disregards pending litigation."  ***Id.***

Turning back to the case *sub judice*, LCG properly secured a Rule 55(a) clerk's entry of default in February 2013, based on the fact that Universal and Nieto were served with the amended crossclaim in August 2012 via certified mail (with return receipts provided) and still had not responded thereto as of late February 2013 (Docs. 51, 53). LCG's motion for default judgment under Rule 55(b) contains a certificate of service (Doc. 68, p. 4) which satisfies Local Rule 55.1's requirement that any default judgment motion include a statement that "a copy of the motion has been mailed to the last known address of the party from whom default is sought."  LCG demands default judgment from the clerk of court under Rule 55(b)(1), but the record leaves questions regarding the computation, nature, and effect of LCG's requested default judgment damages, meriting inquiry by the undersigned Judge.

There is no question that LCG is asking for $185,821.39, and this total is comprised of $35,821.39 in attorneys' fees and expenses plus $150,000 in damages.  But the genesis of the $150,000 figure is unclear.  The motion states that LCG has "incurred a loss of $150,000, paid *or to be paid* by LCG to Plaintiff [Zurich]" (Doc. 68, p. 2, italics added).  A supporting affidavit (Doc. 68-1, p. 2) attests that as a result of Universal's breach of contract (*id.* ¶ 7) and Nieto's breach of bailment (*id.* ¶ 8), LCG "has incurred a loss" of $150,000 "to Plaintiff in settlement to the loss of the Shipment."  The undersigned District Judge has not been apprised of any settlement or partial settlement

~ 4 ~

herein, the record is unclear if the $150,000 figure already has been paid or remains to be paid by LCG, and nothing clarifies LCG's position as to whether Universal and Nieto are jointly or severally liable to LCG for this amount.  LCG's two-sentence proposed order sheds no light.  LCG asks the Court to enter judgment in favor of LCG and against Universal and Nieto in the amount of $185,821.39, without any indication of joint or several liability for this amount.   Nor does the motion address how or whether the entry of this judgment would affect what remains of this litigation (Zurich's claims against LCG, Universal and Nieto).

Accordingly, the Court **PARTIALLY GRANTS** and **PARTIALLY DENIES AT THIS TIME (Doc. 68**) -- LCG's motion for default judgment on its amended crossclaim against Universal and Nieto.  The motion for default judgment is *granted* as to liability, but the amount of damages remains to be determined.  Stated another way, this grant of default judgment means that Universal and Nieto are liable to LCG on the causes of action alleged in the amended crossclaim. *See Wehrs v. Wells,* **688 F.3d 886, 892 (7th Cir. 2012).**  But additional information is needed before the Court can direct the Clerk to enter judgment in favor of LCG and against Universal and Nieto in a specific amount.

On or before **August 27, 2013**, LCG should file a short **"Supplemental Memorandum Regarding Default Judgment"** which clarifies the questions raised herein (e.g., has a partial settlement been reached herein? has LCG already paid the $150,000 to Zurich? does LCG seek judgment against Universal and Nieto jointly or severally? etc.).  LCG should tender a **revised Proposed Order** to the undersigned Judge's proposed document inbox in connection with the Supplemental Memorandum.

LCG should send a copy of this Order and the Supplemental Memorandum to Universal and Nieto, and advise the Court of the date on which that was done.

The Court awaits action by Zurich (due on or before August 15, 2013) as to its claims against Universal and Nieto.   In connection with the September 30, 2013 jury trial, counsel are **DIRECTED** to tender their Proposed Jury Instructions no later than **September 23, 2013**, using the formatting and organization described on the undersigned Judge's web page, part of the Court's website at www.ilsd.uscourts.gov. Select the "Judges" tab on the burgundy and white horizontal bar on the home page, choose Judge Reagan, then click the hyperlink to download Judge Reagan's Case Management Procedures and refer to the directions under Civil Cases.

The undersigned reiterates his suggestion that Zurich and LCG contact Magistrate Judge Frazier to schedule a settlement conference  (see Doc. 67, p. 16) as promptly as possible.  The final pretrial conference is only five weeks away, and the opportunity remains for the parties to avoid the expense necessarily involved with the preparation for the pretrial conference and jury trial set next month.   This is mentioned simply as an option to be considered.

IT IS SO ORDERED.

DATED August 13, 2013.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge